## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

GEORGE ARTHUR BUNN
ADC # 112142                                                                                    PLAINTIFF

V.                             5:06CV00002 SWW/HDY

LARRY NORRIS, Director, Arkansas Department of Correction;
JACOB K. KING; BROWN, Lieutenant, Arkansas Department of Correction;
CHRIS COODY; DALE REED, Warden, Arkansas Department of Correction;
JAMES GIBSON, Hearing Administrator, Arkansas Department of
Correction; and JOHN AND JANE DOES 1-3                                             DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a prisoner at the Ouachita River Correctional Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was improperly convicted of a disciplinary violation for possession of marijuana and contraband tattooing instruments, and by way of relief he seeks monetary damages. The Court has carefully reviewed the documents submitted by Plaintiff and concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, without prejudice.

### I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Background

In his Complaint, Plaintiff alleges that his cell was searched on October 24, 2005. During the course of the search, two of the Defendants, King and Paul, unscrewed the light fixture; inside they found a tattoo gun and motor and two small bags of marijuana. He was convicted of a disciplinary violation and sentenced to thirty days of punitive isolation with a status reduction to class IV. However, Plaintiff contends that other inmates had access to his cell and that he did not have the necessary tools to access the light fixture where the contraband was found. Plaintiff

appealed the disciplinary conviction through the level of the director of the Arkansas Department of Correction, Defendant Norris, and was denied relief. There is no evidence that Plaintiff has sought or obtained relief on appeal to the state courts.

### III. Analysis of Plaintiff's Claims

Plaintiff cannot seek restoration of his good-time credits or pursue other relief to remedy the effect of the disciplinary until it is set aside. *See Preiser v. Rodriguez*, 411 U.S. 475, 476-77, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus); *cf. Edwards v. Balisok*, 520 U.S. 641, 643, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (inmate cannot pursue § 1983 action based on allegations of bias and deceit by decisionmaker until disciplinary that resulted in loss of class and good time is invalidated by state tribunal or federal court), cited in *Farver v. Schwartz,* 255 F.3d 473, 474 (8th Cir. 2001)

Plaintiff's allegations, if proven, would necessarily imply the invalidity of his conviction of the disciplinary charges. Absent any allegation that Plaintiff has successfully challenged the conviction through appropriate state or federal procedures, his § 1983 claim is not cognizable; therefore, Plaintiff's claims should be dismissed without prejudice to refiling at such time as a successful challenge has occurred. Plaintiff should be advised, however, that he cannot bring a federal habeas action challenging this conviction until he has exhausted his state remedies, as explained above. *Sheldon*, 83 F.3d 231, 233 (8th Cir. 1996); *Armento-Bey v. Harper*, 68 F.3d 215, 216 (8th Cir. 1995)(Bowman, J., dissenting). *See Childs v. Howard*, 242 F.3d 374 (unpub. table op.) (8th Cir. December. 21, 2000)(plaintiff's claim that parole eligibility date had passed and request for award of good time credit, release, and damages dismissed; plaintiff cannot use damages suit to

avoid challenging lawfulness or length of confinement).

For all these reasons, the Court recommends dismissal of Plaintiff's cause of action.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this _9_ day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).